Michael Sean McLaughlin
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: mike.mclaughlin@alaska.gov

Attorney for Respondent Schmidt

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| RUSSELL SHETTERS III, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUPERINTENDENT, ) <br> JOE SCHMIDT ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. 3:04-cv-0142-JKS <br><br> RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS APPLICATION AS BARRED BY THE STATUTE OF LIMITATIONS |

The Respondent, Joe Schmidt, by and through Assistant Attorney General Michael Sean McLaughlin, requests that this court dismiss Petitioner Shetters' application for a writ of *habeas corpus* because the writ is barred by the one-year statute-of-limitations. By the respondent's calculations, 420 days had run under the statute by the time that Shetters filed his application. Shetters' application was thus filed 55 days too late.

This motion is supported by the accompanying memorandum of facts and law.

DATED May 30, 2008 , at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ Michael Sean McLaughlin
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
      and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: mike.mclaughlin@alaska.gov
   Alaska Bar. No. 8106036

### Certificate of Service

I certify that on May 30, 2008, a copy of the foregoing Respondent's Motion to Dismiss Habeas Corpus Application as Barred by the Statute of Limitations, Memorandum in Support of Motion and Proposed Order was served on Russell Shetters III by regular U.S. mail.

s/ Michael Sean McLaughlin

Michael Sean McLaughlin
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: mike.mclaughlin@alaska.gov

Attorney for Respondent Schmidt

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| RUSSELL SHETTERS III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:04-cv-0142-JKS |
| | ) | |
| SUPERINTENDENT, | ) | RESPONDENT'S MEMORANDUM |
| JOE SCHMIDT | ) | IN SUPPORT OF MOTION TO |
| | ) | DISMISS HABEAS CORPUS |
| Respondent. | ) | APPLICATION AS BARRED BY |
| | ) | THE STATUTE OF LIMITATIONS |

A. <u>Introduction</u>

As the Respondent described in its accompanying motion, as of the time that Shetters filed his habeas corpus application in this court, 420 days had elapsed under the one-year statute of limitations. Shetters' application is therefore barred.

B.   Factual and Procedural Background

Following a jury trial, Shetters was convicted of felony driving while intoxicated, felony refusal to submit to a chemical test of his breath, and a misdemeanor count of driving while his license was cancelled, suspended, or revoked. *Shetters v. State*, No. A-6476, 1998 WL 67067, at *1 (Alaska App., September 30, 1998) (unpublished). He appealed all convictions except the misdemeanor. *Id*. The Alaska Court of Appeals affirmed his convictions. *Id*.

Under the ordinary operation of the Alaska Rules of Appellate Procedure, the court of appeals' decision would have become final 15 days after September 30 – i.e., on October 15, the day that the time expired for Shetters to seek discretionary review from the Alaska Supreme Court via a petition for hearing. *See* Alaska Appellate Rules 507(b) and 512(a). But Shetters asked instead for an extension of time to allow him to decide whether he should ask the court of appeals to reconsider its unpublished opinion (known as a "petition for rehearing," *see* Alaska Appellate Rule 506).[1] This was because Shetters' former counsel had withdrawn while Shetters' appeal was pending, and new counsel wanted time to review the case and discuss the result with Shetters.[2] The court of appeals granted Shetters' request for an extension.[3] But thereafter Shetters

---

[1]   *See* Exhibit No. 1.

[2]   *See* note 1 (affidavit of counsel at 2).

[3]   *See* Exhibit No. 2.

did not file a petition for rehearing. Nor did he seek further review with the Alaska Supreme Court. The court of appeals' judgment therefore became final on November 20, 1998, when the record in Shetters' appeal was returned to the trial court.[4] *See* Alaska Appellate Rule 512.

The one-year statute-of-limitations for the filing of a federal habeas corpus application began to run that day – on November 20, 1998. *See* 28 U.S.C. § 2244(d)(1). Although 90 days are usually excluded from the start of the statute's running – in order to give an applicant time to petition the United States Supreme Court for a writ of certiorari (*see* Sup. Ct. R. 13) – this exclusion did not apply to Shetters. This is because a writ of certiorari is available only to a prisoner who seeks review in the state's highest court (when available). *See Banks v. California*, 395 U.S. 708, 89 S.Ct. 1901 (1969). Shetters did not seek Alaska Supreme Court review – although it was available via a petition for hearing, *see* Alaska Appellate Rule 302 – and therefore a writ of certiorari was unavailable to him. Because the writ was unavailable, the 90-day exclusion did not apply. *Pugh v. Smith*, 465 F.3d 1295, 1297 (11th Cir. 2006).

Between November 20, 1998 – when the rule began to run – and the end of 1998, 41 days of the 365 days allotted had lapsed. On September 8, 1999, Shetters filed an application for post-conviction relief in the Superior Court for

---

[4]  *See* Exhibit No. 3.

the State of Alaska.[5] By that time, 292 days out of the available 365 had lapsed. (September 8 was the 251st day of 1999. In 1998, 41 days ran and in 1999, 251 days ran, totaling 292 days.)

The filing of Shetters' post-conviction relief application tolled any additional running of the statute-of-limitations for a federal *habeas corpus* application. *See* 28 U.S.C. § 2244(d)(2). But by this time, only 73 days remained before the federal statute-of-limitations would expire (365 days, less 292 days lapsed).

---

[5]   *See* Exhibit No. 4.

The state notes that the Alaska Court of Appeals' opinion affirming the superior court's dismissal of Shetters' post-conviction relief application declares – erroneously – that Shetters filed his application "in July 1999." *Shetters v. State*, No. A-8297, 2003 WL 22495576 (Alaska App., November 5, 2003) (unpublished). The state, too, in its appellate brief in that matter erroneously used the July date.

The copy of Shetters' application being lodged with the court, obtained from that appeal, shows that the actual filing date was September 8, 1999. Moreover, Shetters' appellate brief in that matter also asserted that he filed his application on September 8.

The record contains no explanation for why the state and the court used the July date. It may be that this was because Shetters signed his application on July 29, 1999.

But whether the July date or the September date is used to calculate the tolling of the statute-of-limitations makes no difference to the outcome of this motion. When the September 8 filing date is used, then Shetters' habeas corpus application was 55 days too late. If the July 29 date is used, then it was 13 days too late.

Shetters litigated his post-conviction relief application to an unsuccessful conclusion in the Alaska Superior Court and he appealed to the Alaska Court of Appeals. *Shetters v. State*, No. A-8297, 2003 WL 22495576 (Alaska App., November 5, 2003) (unpublished). The Alaska Court of Appeals rendered its decision, affirming the judgment of the superior court, on November 5, 2003. *Id.* Shetters filed a petition for hearing in the Alaska Supreme Court. *Shetters v. State*, File No. S-11308. That court denied Shetters' petition on March 8, 2004.[6] But on that occasion the 90-day exemption for Shetters to seek a petition for a writ of certiorari did not apply because the 90-day exemption applies only to the conclusion of a *direct* appeal. Shetters' appeal was the conclusion of the appeal from a collateral attack on his conviction. *See Lawrence v. Florida,* 549 U.S. ___, 127 S.Ct. 1079, 1086 (2007) (there is no certiorari time exception for the period after an appeal on collateral review is completed).

With the denial of Shetters' petition for hearing on March 8, 2004, the statute-of-limitations resumed running. As previously noted, 292 days of the allotted 365 had lapsed. That left just 73 days – from March 8, 2004, until May 20, 2004 – for Shetters to file his habeas corpus application. Shetters did not file his application with this court until July 14, 2004. *See* Docket No. 1. Shetters was 55 days too late.

Subsequent Procedural History

---

[6] *See* Exhibit No. 5.

Shetters' habeas corpus application in this court has been in a limbo since he filed it. This was because Shetters sought additional state review after filing the habeas corpus application by filing a second post-conviction relief application in which he accused the counsel who handled his first application (and its appeal) of ineffective assistance. Alaska case law allows such a claim, generally referred to as a *Grinols*-based application after the Alaska appellate decision which authorized its filing. *Grinols v. State*, 10 P.3d 600 (Alaska App. 2001), *aff'd* 74 P.3d 889 (Alaska 2003) (applicant can file a successive application, otherwise barred, if the successive application claims that counsel who litigated the first application did so ineffectively). Because Shetters filed the federal habeas corpus application first, the progress (or lack thereof) of his state application has had no effect on the habeas corpus application's lack of timeliness.

Argument: Shetters' Application Must Be Dismissed

Shetters' application to this court must be dismissed because, as of the time of its filing on July 14, 2004,[7] 420 days had elapsed under the one-year statute-of-limitations. Shetters' application was therefore barred by the statute. Forty-one days ran in 1998, between the time the Alaska Court of Appeals' decision was final and the end of the year (November 20, 1998 – December 31, 1998). An addition 251 days ran in 1999 – from January 1 of that year until

---

[7] *See* Docket No. 1.

September 8, when Shetters filed his post-conviction relief application. Added to the time already lapsed, 292 days had run by the time the federal statute-of-limitations was tolled for the litigation of Shetters' state-court post-conviction relief application.

Time began running again on March 8, 2004 – the 67th day of the year – when state court review of Shetters' post-conviction relief application was finally completed with issuance of the Alaska Supreme Court's decision denying further review. Only 73 days remained. But that time would have been used up on May 20, 2004, the 140th day of the year. Because Shetters did not file until July 14, 2004 – the 195th day of the year, and 55 days too late – his habeas corpus application is barred.

Shetters' application must be dismissed.

DATED May 30, 2008, at Anchorage, Alaska.

        TALIS J. COLBERG
        ATTORNEY GENERAL

        s/ Michael Sean McLaughlin
          Assistant Attorney General
          State of Alaska, Dept. of Law
          Office of Special Prosecutions
            and Appeals
        310 K St., Suite 308
        Anchorage, Alaska 99501
        Telephone: (907) 269-6250
        Facsimile: (907) 269-6270
        e-mail: mike.mclaughlin@alaska.gov
        Alaska Bar. No. 8106036

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RUSSELL SHETTERS III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:04-cv-0142-JKS |
| ) | **PROPOSED** |
| SUPERINTENDENT, ) | ORDER DISMISSING |
| JOE SCHMIDT ) | APPLICATION FOR POST- |
| ) | CONVICTION RELIEF |
| Respondent. ) | |
| ) | |

Upon motion of the Respondent, and the court being duly advised, it is hereby ORDERED:

The respondent's motion at Docket ___, asking the court to dismiss Shetters' habeas corpus application as barred by the statute-of-limitations, is hereby GRANTED.

Dated this ___ day of _____, 2008, at Anchorage, Alaska.

_____
UNITED STATES DISTRICT JUDGE/
MAGISTRATE JUDGE