Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RUSSELL SHETTERS, III,<br><br>Petitioner,<br><br>vs.<br><br>SUPERINTENDENT JOE SCHMIDT,<br><br>Respondent. | NO. 3:04-cv-00142-JKS<br><br>**OPPOSITION TO MOTION TO DISMISS** |

COMES NOW THE PETITIONER, RUSSELL SHETTERS, III, by and through counsel Mary C. Geddes, Assistant Federal Defender, and files this opposition to the Respondent's motion to dismiss (Docket No. 67).  The Respondent has calculated that Mr. Shetters' petition is 55 days too late in light of the one-year statute of limitations.

The Respondent has identified two periods in which allowable time (365 days) was running under the Statute:  from November 20, 1998, until September 8, 1999 (292 days), and from March 8, 2004, until May 20, 2005 (73 days).[1]  The Respondent states that because  Mr. Shetters'

---

[1] Mr. Shetters does not dispute these calculations.

petition was filed on July 14, 2004, he is 55 days out of time and his petition should be dismissed. The Respondent does not mention that Mr. Shetters first filed his federal court habeas petition regarding this matter on October 31, 2003, nor does he discuss its import.

In opposing the motion to dismiss, Mr. Shetters would identify three circumstances in his favor. Because these circumstances may provide a sufficient basis for equitable tolling, he would request a brief hearing on these matters. *See*, *e.g., Roy v. Lampert*, 465 F.3d 964, 973-74 (9th Cir.2006) (concluding that the petitioners "made sufficient allegations of extraordinary circumstances" that were beyond their control to justify remanding the case for an evidentiary hearing on their contention that a deficient prison law library justified equitable tolling of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*) (*per curiam*) (remanding for development of the record on the petitioner's contention that his late-filed habeas corpus petition should be allowed because of equitable tolling or a finding of "impediment" under AEDPA, 28 U.S.C. § 2244(d)(1)(B)).

**No. 1**: Following the loss of his appeal from the denial of his state PCR, and anticipating the denial of his petition for hearing by the state supreme court, Mr. Shetters paid $5.00 and filed his first *pro se* petition for habeas corpus relief concerning this same state court case on October 31, 2003. His petition was dismissed *sua sponte* on November 7, 2003, by Judge Sedwick on the grounds that it was too early, *i.e.* for lack of exhaustion in the state courts.

The case number of that first filing was A03-0255-cv (JWS), and a copy of that docket is attached as Exhibit A. A copy of this file has been ordered from the court's archives and will be ready for presentation at a hearing.

**No. 2**: Notice of the denial of Mr. Shetters' petition for hearing by the state Supreme Court on March 8, 2004, was sent to the law office of Gayle Brown, Mr. Shetters' attorney. Mr. Shetters was incarcerated at the time in the Anchorage Jail. Mr. Shetters believes that there was delay on Ms. Brown's part in sending him the notice, and that he acted with due diligence thereafter in re-filing his earlier petition. The undersigned has contacted Mr. Shetters' state court attorney who is investigating Ms. Brown's performance. If there is any documentation on that issue, it will be shortly available and ready for presentation at a hearing.

**No. 3**: Mr. Shetters has also reported that for a period of time in 1998, he was held in "the hole" at Spring Creek Correctional Center, and was placed on "paper restriction" (meaning he was disallowed from having any paper, including legal paperwork, in his cell). He also believes that his access to the law library was limited during this time. These and other restrictions were litigated, he reports, in a section 1983 lawsuit. The clerk's office confirms that Mr. Shetters filed such an action against SCCC Superintendent Kinsloe, *i.e.* Case No. A97-0192. The file relating to this case was archived. The undersigned has requested that these files be provided to the Anchorage Clerk's office so that she can review them to determine if "paper restrictions" and any other impediments to legal activity were in place during the relevant period from November 20, 1998, and February 1999. If they were, then equitable tolling may also apply.

For the foregoing reasons, Russell Shetters requests an opportunity for an evidentiary hearing on these matters so that the court may determine if equitable tolling allows for his litigation to go forward. He proposes that a hearing be set for the beginning of October 2008.

DATED at Anchorage, Alaska this 5th day of September 2008.

Respectfully submitted,

/s/Mary C. Geddes
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:       907-646-3400
Fax:         907-646-3480
E-Mail:      mary_geddes@fd.org

Certification:
I certify that on September 5, 2008,
a copy of the *Opposition to Motion
to Dismiss* was mailed to:

Michael McLaughlin
Office of Special Prosecutions and Appeals
310 K Street Ste 308
Anchorage, AK 99501

/s/Mary C. Geddes